IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| PAIGE M. RAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-04203-CV-C-MDH |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion for Summary Judgment (Doc. 53). For the reasons set forth herein, the Motion is **DENIED**.

## BACKGROUND

Phillip Howell was employed by the USPS as a Tractor Trailer Operator on December 30, 2018, and was acting in the scope and course of his employment as a truck driver for USPS at the time of the collision at issue in this case. Howell was hauling mail from St. Louis to Columbia at approximately 1:15 a.m. At Columbia, Howell exited westbound I-70, stopped at a red light at the top of the off ramp, then when the light became green, he turned left, southbound on US 63 Connector. Howell had traveled through two green lights and then was approaching the intersection of US 63 Connector and eastbound/westbound Conley Road/I-70 Drive Southeast just north of the US 63 on ramp. As he approached the intersection, Howell alleges he was going approximately 25-30 miles per hour, under the posted speed limit of 45 miles per hour. Howell also alleges the he had the green light and proceeded through the intersection of US 63 Connector at Conley Road/I-70 Drive Southeast.

According to Howell, Plaintiff Paige Ray's vehicle "quickly came through the intersection" from eastbound Conley Road (from Howell's right) and was immediately in front of Howell's truck. At the time of the collision, the traffic lights governing vehicular movement through the intersection of US 63 Connector and Conley Road/I-70 Drive Southeast were on "free mode" meaning that the light for northbound/southbound traffic on US 63 Connector remained green until such time that a light change was triggered from a side street like Conley Road/I-70 Drive Southeast. The traffic lights at this intersection were programmed so there could not be conflicting green lights. Howell claims that he slammed on his brakes and swerved to avoid the collision, but because Plaintiff's vehicle so rapidly appeared in the intersection in front of him, he had no time to react and he could not have avoided the collision. Howell testified that his vehicle pushed Plaintiff's vehicle 20-30 feet before the vehicles came to rest. Plaintiff's expert points to evidence he contends indicates the vehicles moved 310 feet after impact. According to Plaintiff's expert's opinion, Howell ran the red light while driving at more than 50 mph. He opines it was Plaintiff's vehicle which was travelling through a green light.

Plaintiff Paige Ray has no recollection of the facts surrounding this collision which she attributes to a severe traumatic brain injury she allegedly suffered as a result of the collision. Nathan Turner, Columbia Police Officer, investigated the accident and was not able to determine which driver ran the red light. While he did not attempt to reconstruct the accident, he apparently had no reason to disbelieve Howell. There are no eyewitnesses to the collision other than the two drivers, Howell and Plaintiff.

Plaintiff alleges negligence pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, against Defendant after Plaintiff suffered numerous injuries. Plaintiff claims that as a direct and proximate result of the injury set forth above, Plaintiff expects to continue to incur medical,

2

therapeutic, rehabilitative, and other expenses in the future exceeding $700,000. Plaintiff also claims she has experienced and will continue to experience pain and suffering and is now permanently disabled. Plaintiff also claims past and future lost income.

**STANDARD**

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

A question of material fact is not required to be resolved conclusively in favor of the party asserting its existence. Rather, all that is required is sufficient evidence supporting the factual dispute that would require a jury to resolve the differing versions of truth at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248-249. Further, determinations of credibility and the weight to give evidence are the functions of the jury, not the judge. *Wierman v. Casey's General Stores, et al.,* 638 F.3d 984, 993 (8th Cir. 2011).

3

# DISCUSSION

Tort claims under the FTCA are analyzed in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). The alleged act occurred in Missouri. In a Missouri negligence action, a plaintiff must establish the following elements:

1. The existence of a duty to conform to a certain standard of conduct to protect others against unreasonable risks;
2. Breach of the duty;
3. Proximate cause; and
4. Actual damages.

*Pyle v. Layton*, 189 S.W.3d 679, 682-683 (Mo. App. S.D. 2006) (citing *Sanders v. Slayden*, 944 S.W.2d 228, 230 (Mo. App. W.D. 1997)).

Missouri law requires that operators of motor vehicles on the public roadways of Missouri use the highest degree of care. Mo. Rev. Stat. § 304.012; *see also Stronger v. Riggs*, 85 S.W.3d 703, 706-707 (Mo. App. W.D. 2002); *Crane v. Drake*, 961 S.W.2d 897, 901 (Mo. App. W.D. 1998). Negligence is ordinarily a question for the fact finder, and always is when the evidence on the issue is conflicting or where, the facts being undisputed, different minds might reasonably draw different conclusions from them. *Luallen v. Reid*, 58 S.W.3d 50, 53 (Mo. App. W.D. 2001).

Defendant argues that the factual determination of a breach of duty in this case should be decided by the Court on summary judgment:

> This case presents an unusual situation where there is only one witness to the events that occurred. The driver of the postal vehicle, Howell, steadfastly maintains that his light was green. Plaintiff honestly and credibly admits that she has no recollection of the accident. The reporting Columbia Police Officer, Nathan Turner, could not determine who ran the red light and there were no witnesses to the accident. Given this state of facts, summary judgment is appropriate.

(Doc. 53, p. 6).

Plaintiff maintains that there exists a genuine dispute of material fact. Plaintiff bases her factual contentions on the expert opinion of David H. Nelson, a practitioner in the field of accident reconstruction. Mr. Nelson states in his affidavit, in part, that to a reasonable degree of scientific certainty:

A. When Plaintiff was a significant distance west of the stop line for eastbound traffic on Conley road at the intersection of Conley Road and US63 Connector, she would have been detected by the VIVDS causing an immediate signal change from green to yellow for traffic on US63 south, including for Howell. Howell's light changed to red 4.8 seconds later. Plaintiff's light changed to green 1.8 seconds after that.
B. Immediately before the collision plaintiff Ray had a green traffic signal and Howell had a red traffic signal. Howell entered the intersection in violation of a red light.
C. At the time of the collision plaintiff Ray's speed was approximately 15 miles per hour or less.
D. After collision, the speed of the two vehicles moving as one unit was approximately 50 miles per hour.
E. Because the after-impact speed of Howell was determined to be 50 miles per hour, his speed at collision would have been greater than 50 miles per hour. Howell was speeding at the time of the collision.

(Doc. 58-3, pp. 4-5).

Defendant argues that Plaintiff's use of the expert here in not an appropriate use of an expert and cannot be used to bar entry of summary judgment in this case. Defendant contends that Mr. Nelson's expert opinions are not proper under Fed. R. Evid. 702 and are based solely on speculations and hypotheses "in an effort to create a sham issue of fact as to the credibility of the only eyewitness to the accident." (Doc. 60, p. 4). In *Eckelkamp v. Beste*, 315 F.3d 863, 867-68 (8th Cir. 2002), the Eighth Circuit noted that summary judgment may be appropriate if the "expert opinion is fundamentally unsupported and therefore of no assistance to the trier of fact." *Id*. Defendant argues that Mr. Nelson's findings are not based on proper methodologies and therefore are inadmissible.

Mr. Nelson's affidavit asserts that his findings are founded on: understanding of how the signals at the subject intersection are designed to work and an understanding of how they are

5

programmed by the Missouri Department of Transportation; knowledge of how traffic signals at the subject intersection operate in fact based on extensive observation; extensive, frame-by-frame review of video of the operation of the signals; extensive observation of driver behavior at the subject intersection and elsewhere; intensive, frame-by-frame review of video of drive behavior at the subject intersection and elsewhere; determination of the pre-impact speed of the plaintiff based upon Newton's Laws of Motion and other calculations and scientific determinations based on facts; determination of the after-impact speed of the colliding vehicles based upon Newton's Laws of Motion and other calculations and scientific determinations based on fact and its implication for Howell's speed at collision; an analysis of the statements and admissions made by Howell, and their dissonance with the scientific principles and factual evidence; study of the visibility of traffic from the perspective of Howell and the plaintiff; and his extensive training and experience in the field of accident investigation and accident reconstruction. (Doc. 58-3, pp. 2-3).

The expert opinions provided by Plaintiff are sufficient to create a reasonable factual dispute as to the cause of the accident and therefore, bar entry of summary judgment. Challenges to the expert's methodology are appropriate for cross examination and may impact the weight which they should be given. However, reasonable fact questions exist as to whether or not Howell was negligent in his operation of his motor vehicle and if such negligence caused or contributed to the accident at issue. Mr. Nelson's opinions create a genuine dispute of material fact, and the resolution of this case requires determinations as to facts and credibility at trial. Defendant is not entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

## CONCLUSION

For the reasons set forth above in this Order, Defendant's Motion for Summary Judgment (Doc. 53) is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 6, 2021

                                         */s/ Douglas Harpool*
                                         **DOUGLAS HARPOOL**
                                         **United States District Judge**